CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID A. FARMER,<br>    Plaintiff, | Civil Action No. 7:07-cv-00291 |
| v. | **MEMORANDUM OPINION** |
| ADULT PROBATION &<br>PAROLE DISTRICT 15, et. al.,<br>    Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff David A. Farmer, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Farmer alleges that he is wrongfully confined in the Roanoke City Jail on charges of violating probation. He seeks his release. For reasons explained below, the court files the complaint as a habeas action under 28 U.S.C. § 2254 and dismisses it summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

I.

Farmer alleges the following sequence of facts from which his claims arise. Farmer was convicted on August 24, 2005 in the Circuit Court for Roanoke City on a charge of violating his probation conditions. The court convicted him of the violation, revoked his probation, and sentenced him to serve twelve months in jail. He served the sentence and was released from jail on July 2, 2006, on what he believed was indefinite, unsupervised probation. Farmer alleges that Judge Apgar promised to release him from probation in six months, provided that Farmer paid all his fines within that time.

Within three days of his release, Farmer reported to the probation office on Church Street in Roanoke and asked the secretary who his probation officer would be so that he could report as ordered. The secretary could not find Farmer in her records. Farmer explained his case to her. She informed him that since his probation was "unsupervised," he did not need to report to a probation officer. He heard nothing further from the probation office for several months.

In early 2007, Farmer was charged with a new offense, possession of cocaine. He pled guilty to this charge on April 13, 2007, in exchange for a sentence of thirty days in jail and twelve months probation. His defense attorney told him to report to the probation office within three working days, which he did on April 17, 2007. He was assigned to a probation officer, Alan Ward. From reviewing Farmer's paperwork, Ward discovered that in July 2006, Farmer should have been on supervised probation, but that the new probation was unsupervised. When Farmer next reported to Ward on April 24, 2007, Ward reviewed with Farmer the probation conditions that had applied to him upon his release on supervised probation in July 2006.

Now, Farmer is in jail, having been charged with violating the supervised probation imposed on him in July 2006. Specifically, he states, he is charged with violating release conditions by failing to report and by committing a new criminal offense. He states that if he had been informed of the true conditions of his probation in July 2007, he would have reported regularly to his probation officer, which might have helped him to avoid re-offending. He also states that he would not have pled guilty to the cocaine possession charge if he had known that the guilty plea could result in revocation of his 2006 probation. In this action, he seeks his immediate release from jail and reinstatement of his 2006 probation, effective as of April 26, 2007, the date on which he was informed of the true conditions of that probation.

II.

A district court is not constrained by a litigant's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement and whether a claim of damages is ancillary to and dependent on a favorable resolution of such a claim. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint concerns the fact or length of confinement, then the proceeding is in habeas. In this case, plaintiff is clearly contesting both the fact and the length of his current confinement in the Virginia prison system. Accordingly, plaintiff's exclusive initial cause of action is in habeas.

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action would not necessarily require dismissal. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Provided the claim meets the threshold requirements, the court could address it on the merits. Haines v. Kerner, 404 U.S. 519 (1972). Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. An inmate challenging parole issues can exhaust state court remedies by filing a state habeas petition with the Supreme Court of

3

Virginia. See Va. Code § 8.01-654(A). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the § 2254 petition. Slayton v. Smith, 404 U.S. 53 (1971).

In this case, the petition offers no indication whatsoever that Farmer's claims concerning the problems with his 2006 probation have been presented to the Supreme Court of Virginia. His failure to demonstrate that he has exhausted state court remedies mandates summary dismissal of the federal petition without prejudice,[1] pursuant to Rule 4. Until Farmer has given the state courts a full and fair opportunity to correct the situation, the federal court cannot consider his claims for habeas relief. An appropriate order shall be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 15th day of June, 2007.

/s/ James C. Turk
Senior United States District Judge

---

[1] Petitioner may later pursue his claims in a federal habeas petition if he is unsuccessful in obtaining relief from the Supreme Court of Virginia.

4